NAME  Tomeko Malone

PRISON NUMBER  V63284

CURRENT ADDRESS OR PLACE OF CONFINEMENT  P. Box 409020

CITY, STATE, ZIP CODE  Ione, Ca. 95640

**FILED**

ORIGINAL

JAN 2 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| 2254 ✓ | 1983 |
|---|---|
| **FILING FEE PAID** | |
| Yes____ | No ✓ |
| **IFP MOTION FILED** | |
| Yes____ | No ✓ |
| **COPIES SENT TO** | |
| Court ✓ | ProSe |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

TOMEKO MALONE

(FULL NAME OF PETITIONER)

**PETITIONER**

v.

ROSEANNE CAMPBELL

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of
California, Additional Respondent.

Civil No. **'08 CV 0159 IEG CAB**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

   San Diego Superior Court 220 W. Broadway, S.D, Ca. 92112

2. Date of judgment of conviction:  6-27-03

3. Trial court case number of the judgment of conviction being challenged:

   SCD171069

4. Length of sentence:

   11 yrs.

CIV 68 (Rev. Dec. 1998)                    ::ODMA\PCDOCS\WORDPERFECT\22833\1

5.  Sentence start date and projected release date:

7-25-03 to 1-21-012

6.  Offense(s) for which you were convicted or pleaded guilty (all counts):

2 - PC 245 (a)(1)

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty        ☐
    (b)  Guilty            ☑
    (c)  Nolo contendere   ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury         ☐
    (b)  Judge only   ☐

9.  Did you testify at the trial?
    ☐ Yes  ☑ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result:    Denied
    (b)  Date of result, case number and citation, if known:


    (c)  Grounds raised on direct appeal:



12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result:                                    N/A
    (b)  Date of result, case number and citation, if known:

    (c)  Grounds raised:

CIV 68 (Rev. Dec. 1998)

::ODMA\PCDOCS\WORDPERFECT\22833\1

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:        N/A

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☑ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number:   S15 3396

    (b) Nature of proceeding:   Petition for Write of Habeas Corpus.

    (c) Grounds raised:

          SAME GROUND AS THIS PETITION

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☑ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: _Unknown_

    (b) Nature of proceeding: _SAME AS THIS PETITION_

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☑ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: _S15 33 96_

    (b) Nature of proceeding: _Writ of Habeus Corpus_

    (c) Grounds raised:

    _SAME GROUNDS AS THIS PETITION_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result: _____

CIV 68 (Rev. Dec. 1998)  -4-  ::ODMA\PCDOCS\WORDPERFECT\22833\1

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No    (IF "YES" SKIP TO #22)
  (a) If no, in what federal court was the prior action filed?
    (i) What was the prior case number? _____
    (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☐ Dismissed for procedural reasons?
    (iii) Date of decision: _____
  (b) Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☑ No
  (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** San Diego Superior Court violated petitioner's due process of law on their failure to hold a ability hearing prior to sentencing to determine the amount of restitution to be made

Supporting FACTS (state *briefly* without citing cases or law)

On July 25, 03 in San Diego Superior Court in Dept. 48 Judge Judith Hayes failure to hold a ability hearing to determine the amount of restitution and consideration of a defendants inability to pay, which includes any future earning capacity, the defendant was violated of Penal Code 1202.4(F)(i) which states: the defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution per Penal Code 1202.4. The judge stated on the record her reasoning for restitution per PC 1202.4(b) see Exhibit (A) In addition on 7-9-03 at Probation interview the probationer also failed to evaluate factors relating to defendants ability to make restitution per Cal Rules of Ct. 4.411.5 (a) (8) and (11) violating the defendants due process of law, it appears victim made no claim to the Court

Did you raise GROUND ONE in the California Supreme Court? Claims heard.
☑ Yes ☐ No.

**(b) GROUND TWO:** Ineffective assistance of counsel by not objecting to imposition of illegal restitution fine during sentencing and failure to hold a ability hearing.

**Supporting FACTS** (state *briefly* without citing cases or law):

On July 25,03 in San Diego Superior Court in Dept. 48 Judge Judith Hayes illegally imposed a restitution fine of 2200 and appointed defense counsel Michael Begovich failure to object to an illegal restitution fine violating petitioner's 6th Amend constitutional rights. see Argument and Points and Authorities Page (05) III as Exh. (A).

**Did you raise GROUND TWO in the California Supreme Court?**
☑ Yes ☐ No.

(c) **GROUND THREE:** Ineffective assistance of counsel by not objecting to imposition of the illegal restitution on Direct Appeal.

**Supporting FACTS** (state *briefly* without citing cases or law):

A. Supporting facts: (see Argument and Points and Authorities Pg. 6 IV. as Exh (A). Appeals counsel Susan Cardine

Did you raise <u>GROUND THREE</u> in the California Supreme Court?

☑ Yes ☐ No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

                                       _____

    (e)  Grounds raised:

                            _____

                            _____

                            _____

                            _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing:

                          *Michael Begonch*

    (b)  At arraignment and plea:

    (c)  At trial:

    (d)  At sentencing:

    (e)  On appeal:  *Susan Cardine*

    (f)  In any post-conviction proceeding:

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:

CIV 68 (Rev. Dec. 1998)

::ODMA\PCDOCS\WORDPERFECT\22833\1

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future: _____

   (b)  Give date and length of the future sentence: _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_1 - 20 - 07_
(DATE)

_____
SIGNATURE OF PETITIONER

::ODMA\PCDOCS\WORDPERFECT\22833\1

see Exhibit B ) as Probation Report Pg. 3 (Victims Highlighted area)
on July 25, 03 the victim had still not filed a claim see Exhibit
C ) as Court Minute Order (Judgment section - Restitution to victim
an amount to be determined, the court made a illegal
determination of the amount of restitution to be paid and
still failed to hold ability hearing with the defendant, violating
his due process of law, the notice of payment and request
for direct order for restitution form is wrong, this form is
under another name not the defendants (see Exhibit D )
Defendants future income will not be enough to pay restitution
and will remain on disability, which makes him under the
cost of living standards and his inability to pay, the defendant
can prove the burden of demonstrating the inability to pay
and was not given the opportunity, defendant was presently
on disability during his court proceedings and made far below
the cost of living wages and bear the burden and the preponderance
of evidence to show his inability to pay see Exhibit E ) as
Disability Statement. Trial court exceeded its jurisdiction
when imposing restitution fine without required ability
Hearing (see Argument and Points and Authorities I ). as
Exhibit (F).

# EXHIBIT COVER PAGE  $\boxed{A}$

EXHIBIT

Description of this Exhibit:

*Court Transcript. Pg. 28*

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☒ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

28

1    AND HAS BEEN EMPLOYED IN THE PAST.  I WILL STRIKE ALL BUT ONE

2    STRIKE.

3              IN THIS MATTER I WILL SELECT THE MIDTERM OF THREE

4    YEARS DOUBLED FOR THE REMAINING STRIKES, SIX YEARS, PLUS FIVE

5    YEARS ON THE NICKEL PRIOR FOR A TOTAL TERM OF ELEVEN YEARS.

6              MR. MALONE, YOU ARE SENTENCED TO SERVE A TERM OF

7    ELEVEN YEARS IN THE DEPARTMENT OF CORRECTIONS.  YOUR CUSTODY

8    CREDITS ARE THREE ACTUAL, ZERO 4019 CREDITS, TOTALING THREE

9    DAYS CREDIT FOR TIME SERVED.  THE RESTITUTION FINE IS ORDERED

10   IN THE AMOUNT OF $2,200 PER PENAL CODE SECTION 1202.4(B) AND

11   $2,200 TO BE STAYED UPON SUCCESSFUL COMPLETION OF PAROLE.

12             ANYTHING FURTHER IN THIS MATTER?

13        MR. BEGOVICH:  NO, YOUR HONOR.

14        MS. SUMMERS:  NO, YOUR HONOR.

15        MR. BEGOVICH:  MAY I GET THE WHAT I HAD GIVEN YOU BACK

16   TO GIVE HIS WIFE?

17             (UNINTELLIGBLE OUTBURST BY DEFENDANT)

18        THE COURT:  THE NEXT COUNT, THE SECOND COUNT IS SIX

19   YEARS, THE MIDTERM, STAYED PER 654.

20             THANK YOU, COUNSEL.

21                      - - -

22     (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED AT 9:45 A.M.)

23                      - - -

24

25

26

27

28

P5

# EXHIBIT COVER PAGE

| 6 |
| --- |
| EXHIBIT |

Description of this Exhibit:

Probation Report Pg. 3

Number of pages to this Exhibit: _1_ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

MALONE, TOMEKO CARCHEZ                3                        07/25/2003
SCD-171069

vehicle. At first he thought it was a minor traffic collision. Both cars
remained in their respective lanes. Then suddenly the defendant swerved
and definitely struck the victim's car. It appeared intentional. Both
vehicles sped away and when Oropeza came over the crest of the hill, he saw
both vehicles on the shoulder. He pulled over behind the victim. He could
seen the victim who was in her car hitting the defendant. Oropeza grabbed
a piece of rebar and began to run towards the victim's car. As he did so,
the defendant backed out of the victim's car with a club, looked directly
at Oropeza, and ran to his car and sped away. Oropeza said the club had
been altered to become a stable weapon. The silver claw portion of the
club was taken off and the red/black portion, approximately 15 inches long
was used by the defendant.

Both the victim and witness identified the defendant from a photo line up.

There was no defendant statement in the CHP report.


**VICTIMS:**

RESTITUTION: Not Determined

VICTIM NOTIFIED OF P&S HEARING: Yes        INTENDS TO APPEAR: No

A victim letter was mailed to Sarah Jacquith on 07-08-2003. A follow-up
phone call was made on 07-10-03 in which Jacquith indicated her car
sustained minor, but noticeable damage to the front right side panel and
bumper. She has not had it repaired and yet people comment to her about
it. There are areas of rust on her car because of the crime. She has not
had an estimate for it to be repaired, but will consider doing so. She did
not seek medical help after the crime.

The defendant almost drove into the victim's car. He almost killed her.
Then he started to tailgate her. In some respects she feels she should not
have reacted by tapping her brakes which seemed to anger him more, but then
he purposely ran into her. He was trying to make her run into the car next
to her. The defendant seemed to have another male in his car with him.
Jacquith thinks the defendant was embarrassed and was trying to show off
for his passenger. She pulled and stopped behind him on the side of the
road because she was trying to confirm the defendant's car license and to
ask police to come so she could exchange insurance and license information
with the defendant. She is very sensitive to the smell of alcohol and
never smelled alcohol on him. In no way does she believe his actions were
chemically induced. The defendant opened her driver's car door in his
attempt to get her cell phone. It appeared at the time he would use the
club and she found the situation traumatic. However in reflection, she
notes he could have, but did not hit her full force.

In some ways Jacquith feels badly for the defendant. She would leave
sentencing up to the judge.

As of 07-09-2003 it does not appear the victim has made a claim to the
Victim Compensation and Government Claims Board.

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Court Minute Order

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [✓] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

S O S

SCD171069   DA   AAV32001   **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CENTRAL ☐   NORTH ☐   EAST ☐   SOUTH ☐

ATE __07-25-03__ AT __09:00__ M.   DEPT. __48__   **PROB HEAR-SENTENCING**

RESENT: HON. __JUDITH F. HAYES__   CLERK __CD SHumamp__ 048

EPORTER __L. LAROCQUE__   CSR# __10984__

EPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128   Interpreter _____

Language _____

THE PEOPLE OF THE STATE OF CALIFORNIA

MALONE   VS. TOMEKO   C   N –   __V. SUMMEI__   DEPUTY DISTRICT ATTORNEY

Ct1 *PC 245(A)(1)   Ct2 *PC 245(A)(1)   __M. BELOVSH__   ATTORNEY FOR DEFENDANT   (PD  APD  PCC  RET)

IOLATION OF _____

LLEGATIONS/ENHANCEMENTS _____

RIORS _____   P.O. _____

| DEFENDANT | ☒ PRESENT | ☐ NOT PRESENT | ☐ VIA AUDIO / VISUAL | ☐ NOT PRODUCED |

☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS/DENIES A VIOLATION OF PROBATION _____ ☐ WAIVES HEARING.
PROBATION IS:  FORMALLY/SUMMARILY/REMAINS ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☐ ST&C ☐ TERMINATED
☐ EXTENDED TO:

☒ WAIVES ARRAIGNMENT. ☐ ARRAIGNED FOR JUDGMENT. ☐ IMPOSITION/EXECUTION OF SENTENCE IS SUSPENDED.
☒ PROBATION IS: ☒ DENIED _____ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE _____
☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO: _____ ☐ SUCC. COMPLETION OF PROBATION ☐ PAROLE NOT TO BE GRANTED
☐ PERFORM _____ HRS/DAYS PSP/VOL. WORK AT NON-PROFIT ORG. SUBMIT PROOF TO PROBATION/COURT BY _____
☐ FOURTH AMENDMENT WAIVER ☐ FORMAL PROBATION REVERTS TO SUMMARY PROBATION
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: _____
☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY ☐ PER WI 1737
☒ DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS ☐ PER PC 1170(d).
☒ FOR _____ LOWER/MIDDLE/UPPER TERM OF __6__ YEARS/MONTHS/TO LIFE ☐ STIPULATED SENTENCE
ON COUNT __1__ CODE & NO. __PC245(a)(1)__ PRINCIPAL COUNT.
☐ CIRCUMSTANCES IN MITIGATION/AGGRAVATION OUTWEIGH THOSE IN MITIGATION/AGGRAVATION.
☐ DEFENDANT SENTENCED PER PC 667(b)-(I)/1170.12. ☐ NOTICE GIVEN PER PC 12021.
☐ NO VISITATION, PER PC 1202.05. VICTIM IS UNDER 18 YRS. OF AGE. DA TO COMPLY WITH NOTICES.
☐ FINE OF $ _____ PLUS /INCLUDING PENALTY ASSESSMENT.
☒ RESTITUTION FINE OF $ __2200__ PER PC 1202.4(b). ☒ FORTHWITH PER PC 2085.5.
☒ RESTITUTION FINE OF $ __2200__ PER PC 1202.45 SUSPENDED UNLESS PAROLE IS REVOKED.
☐ RESTITUTION TO VICTIM(S) PER P.O.'S REPORT/REST.FUND PER PC 1202.4(f) OF $ _____ /IN AN AMOUNT TO BE DETERMINED.
☐ AT $ _____ PER MONTH. ☐ COMBINED RATE, TO START 60 DAYS AFTER RELEASE/ON _____ THROUGH REV. AND RECOVERY.
☐ DEFENDANT TO PAY PRE-PLEA INVESTIGATION AND REPORT PREPARATION COSTS. ☐ RESTITUTION JOINTLY AND SEVERALLY LIABLE.
☐ REFERRED TO REVENUE AND RECOVERY. ☐ COURT APOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $ _____
☐ DEFT. IS ADVISED REGARDING PAROLE/APPEAL RIGHTS. ☐ REGISTER PER PC290/HS11590/PC186.30/PC457.1 ☐ TESTING PER PC1202.1 HIV-AIDS / PC296.
☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☐ WITH BAIL SET AT/REDUCED TO/INCREASED TO $ _____ ☐ PC1275
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND/POSTED $ _____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ ON DEJ ☐ CASE DISMISSED ☐ THIS CASE ONLY.
☐ PRE-TRIAL SERVICES REPORT ORDERED.
☐ DEFENDANT TO REPORT TO PROBATION/REVENUE & RECOVERY WITHIN 72 HOURS AFTER RELEASE FROM CUSTODY.

☐ DEFT'S WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION. ☐ PER PC 1203.03. ☐ PER WI 707.2.
_____ CONTINUED TO/SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION OF
COURT/DDA/DEFENDANT/PROBATION OFFICER.  REASON: _____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHELD TO _____
☐ BENCH WARRANT ISSUED/ORDERED _____ IS RECALLED/RESCINDED.
☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ _____ BOND NO. _____
BOND COMPANY _____ AGENT _____
☐ BAIL FORFEITURE OF _____ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ _____ W/IN 30 DAYS. ☐ FEES WAIVED.

☐ PROCEEDINGS SUSPENDED ☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: _____
☐ PER PC 1368. MENTAL COMPETENCY EXAMINATION ON _____ AT _____ PSYCHIATRIC EXAMINING FACILITY.
HEARING ON _____ AT _____ IN DEPARTMENT _____ OF THE CENTRAL COURTHOUSE.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

☐ SUPPLEMENTAL REPORT ORDERED. ☒ REPORT TO REGISTRAR OF VOTERS. ☐ DMV ABSTRACT. B.A.C. _____
☐ PROBATION TO SUBMIT POST-SENTENCE REPORT DIRECTLY TO THE DEPARTMENT OF CORRECTIONS PER PC 1203c.
☐ CUSTODY TO RUN CONCURRENT WITH/CONSECUTIVE TO: _____
☐ SEE ATTACHMENT FOR ADDITIONAL COUNTS/ALLEGATIONS/PRIORS.

| | | CREDIT FOR TIME SERVED |
| --- | --- | --- |
| | | __3__ DAYS LOCAL |
| | | _____ DAYS STATE INST. |
| | | __O__ DAYS PC 4019/2933.1 |
| | | __3__ TOTAL DAYS CREDIT |

_THE DEFENDANT'S MOTION TO STRIKE STRIKES IS_ GRANTED.
_3 STRIKES ARE STRIKEN. ONE STRIKE REMAINS._

_2 PC245(a)(1) MID TERM 6 YEARS STAYED PER PC654_
_OR PER PC667(a)(1) 5 YEARS_
_TOTAL TERM: 11 YEARS_

_Judith F. Hayes_
JUDITH F. HAYES
JUDGE OF THE SUPERIOR COURT

CR-2B(Rev. 11-02)   **CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT**

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Notice of Payment

Number of pages to this Exhibit: **2** pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

0024

STATE BOARD REPRESENTATIVE, ATTORNEY OR PARTY/PERSON WITHOUT
ATTORNEY *(Name, state bar number, and address)*:
☐ Recording requested by and return to:

Name:
Address:
Unit No.:
City/State:
Zip Code:

TELEPHONE NO:        FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
☐ STATE BOARD REPRESENTATIVE  ☐ ATTORNEY  ☐ OTHER

Name of court, branch court, if any, and street address:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ County Courthouse, 220 W. Broadway, San Diego, CA 92101-3409
☐ East County Division, 250 E. Main St., El Cajon, CA 92020-3941
☐ Juvenile Division, 2851 Meadowlark Dr., San Diego, CA 92123
☐ North County Division, 325 S. Melrose Dr., Vista, CA 92083-6695
☐ South County Division, 500 3rd Ave., Chula Vista, CA 91910-5649

*FOR RECORDER'S USE ONLY*

CASE NUMBER: SCD171070

CASE NAME: People v. Emmanuel Lacones Ocular

*FOR COURT USE ONLY*

**NOTICE OF PAYMENTS MADE BY CALIFORNIA VICTIM COMPENSATION
BOARD AND REQUEST FOR DIRECT ORDER FOR RESTITUTION**
[Pen. Code, §§ 1202.4(4)(A), 1214; Welf. & Inst. Code, § 730.6(h) & (i); Gov.
Code, Article 1 (commencing section 13959) ch. 5, Pt. 4, Div. 3, Tit. 2]

F I **E** D
Clerk of the Superior Court

APR 1 0 2003

By: F. PALSSON, Deputy

1. a.☒ On *(date)*: 3-6-2003        defendant *(name)*: Emmanuel Lacones Ocular
      was charged and or convicted of a crime that entitles a victim to restitution.
   b.☐ On *(date)*:            child *(name)*:
      had a petition filed and or was adjudged a ward of the court on the ground
      that he or she is a person described in Welfare and Institutions Code section
      602, that entitles a victim to restitution. ☐ Wardship is terminated

2. On *(date)*: 1-21-2003 the California Victim Compensation and Government Claims Board (State Board) received a claim
   and/or made payment(s)  for which it is or will be entitled to recovery and entitled to a direct order for restitution from the
   above named defendant(s) or minor(s) specified as follows:
   a.☒ on behalf of the victim [*name or claim number(s)*]: See addendum        in the amount of: $ 3,631.81
   b.☒ plus interest at 10% per year from the date of ☐ payment(s) made        or ☒ sentencing 5-23-2003
   c.☐ plus attorney fees and collection costs in the sum of $
   d.☒ the State Board requests deductions by California Department of Corrections from prisoner wages and trust accounts
      pursuant to Pen. Code § 2085.5(b).
   e.☐ this Notice by the State Board supercedes all previous such Notices including the Notice  filed on

3. The amount of restitution includes claims and/or payments for:
   a.☒ Medical expenses
   b.☐ Mental health expenses
   c.☒ Income/Support loss
   d.☐ Rehabilitation
   e.☐ Emergency relocation
   f.☐ Funeral/Burial
   g.☐ other *(specify)*:

4. The State of California shall be subrogated to the rights of victims to whom cash payments are granted to the extent of the
   payments granted.  The state shall also be entitled to a lien on the judgment, award, or settlement in the amount of the cash
   payments on any recovery made by or on behalf of said victims.  Gov. Code § 13966.01(a) & (b).

Date: 4-10-2003

*SIGNATURE OF STATE BOARD REPRESENTATIVE OR ATTORNEY*
Michele M. Lingenfelder

NOTE: THE ABOVE AMOUNTS REFLECT BENEFITS THAT THE CALIFORNIA STATE VICTIM COMPENSATION BOARD
HAS OR WILL PAY ON BEHALF OF THE ABOVE NAMED VICTIM(S). THESE AMOUNTS MAY NOT REFLECT THE FULL
AMOUNT OF LOSSES SUSTAINED BY THE VICTIM(S), PAID BY THE STATE BOARD OR THAT SHOULD BE INCLUDED IN
DIRECT ORDERS FOR RESTITUTION PAYABLE TO THE CALIFORNIA STATE VICTIM COMPENSATION BOARD.

NOTICE OF PAYMENTS MADE BY
CALIFORNIA STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR RESTITUTION
SDCDA/RE  NOVEMBER 1, 2002

NOTICE OF PAYMENTS MADE BY
STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR
RESTITUTION

Penal Code, §§ 1202.4(4)(A), 1214;
Welfare and Institutions Code, §730.6(h)&(i)
Gov. Code, Article 1 (commencing section 13959)
ch. 5, Pt. 4, Div. 3, Tit. 2]

Page 1

0025

ADDENDUM TO NOTICE OF PAYMENTS MADE BY STATE VICTIM COMPENSATION BOARD

| CASE NAME: People v. Emmanuel Lacones Ocular | FOR COURT USE ONLY |
|---|---|
| **ADDENDUM TO NOTICE OF PAYMENTS MADE BY STATE VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD AND REQUEST FOR DIRECT ORDER FOR RESTITUTION** | CASE NUMBER: SCD171070 |

*[Continued from Page One]*

1. ☐

2. ☒ Pursuant to Penal Code §§ 1202.4(f)(2), (3)(B) & (4)(A): $ 1,302.48 to reimburse costs of medical expenses paid by the State Board for claim number 752174 (Jason Cleveland). Pursuant to Penal Code §§ 1202.4(f)(2), (3)(D) & (4)(A) and Gov. Code §§ 13965 (a) (2) & 13965.1(a)(1)(A)(B):  $ 782.18 paid by the State Board for claim number 752174 (Jason Cleveland) for loss of wages; $1,547.15 paid by the State Board for claim number 752269 (Maria Castrillo) for loss of wages.

3. ☐

4. ☐

Date: 4/10/03

_____
SIGNATURE OF STATE BOARD REPRESENTATIVE OR ATTORNEY

NOTICE OF PAYMENTS MADE BY
CALIFORNIA STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR RESTITUTION
SDCDA/RE NOVEMBER 1, 2002

**NOTICE OF PAYMENTS MADE BY
STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR
RESTITUTION**

Penal Code, §§ 1202.4(4)(A), 1214;
Welfare and Institutions Code, §730.6(h)&(i)
Gov. Code, Article 1 (commencing section 13959)
ch. 5, Pt. 4, Div. 3, Tit. 2]

Page 2

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Social Security Disability statement

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

# Social Security Administration

Date:  May 5, 2004
Claim Number:  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A
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DI

005646

TOMEKO C MALONE
1913 WEST DR APT 2
VISTA CA 92083-6141

||l.u..l.lll.u.l..l..ll.ll....ll.l.l..llll...l.l.l.ll

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

## Information About Current Social Security Benefits

Beginning September 2003, the full monthly Social Security benefit before any deductions is $ 0.00.

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $ 0.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month.  (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

Benefits were suspended beginning September 2003.

## Date of Birth Information

The date of birth shown on our records is October 1, 1965.

## Other Important Information

MR. MALONE WAS FOUND TO BE DISABLED UNDER SOCIAL SECURITY RULESON APRIL 2002. DISABILITY PAYMENTS WERE PAID UNTIL OCTOBER 2003AND STOPPED DUE TO INCARCERATION.

## Type of Social Security Benefit Information

You are entitled to monthly disability benefits.

See Next Page

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

*Argument and Points and Authorities*

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

Tomeko C. Maolone V#63284
M.C.S.P. A# GYM 125 P.O. BOX - 409020
Ione Ca 95640 - 409020

In the Superior Court Of The State Of

California and For The County Of San Diego

| | |
|---|---|
| People Of The State Of California<br>     Plaintiff, | )<br>)<br>) Motion For Restituion And Fines |
| v. | )Case No# SCD171069 |
| Tomeko C. Malone<br>     Defendant | )<br>)<br>) |

## WHEN VICTIM RESTITUTION MAY NOT BE ORDRED

A defendant may not be required to pay restitution to victims. People v. Scroggins (1987) 17 191 CA 3d 502 236 Cr 569.

The trial court may not direct a defendant to make restitution to the victim. Richards (1976) 17 C3d 614 131 CR 537 542, overruled on a different but related ground in People v. Carbajal (1995) 10 C 4th 1114 43 CR2d 681.

>Note: Interst of Ten Percent Per Year accrues on Restitution Orders. Penal Code Section §1202.4(f)(3)(F).

Prison Wages; Payment of Restitution as Condition of Parole

Victims Restitution that the victim has Filed An Application with the Victim of Crimes Program. Penal Code Section §2085.5(b). See Govt §§13959 - 13969.4.

Income Deduction

The trial court must enter an Order for Income Deduction ( Sometimes called wages garnishment ) once restitution has been determined. Govt C. 13967.2 specifies the proceedures for and contents of the Ordres.

> Note: On Victim's request, the court must provide the victim with a certified copy of the restitution Order. Penal Code Section § 1214(b).

## RELATION BETWEEN VICTIN RESTITUTION AND OTHER FINES AND ASSESSEMENTS

There is no penalty assesments on victim restitution. People v. Martinez (1999) 73 Ca4th 265 268 86 CR2d 346.

A restitution fine is not reduced by the amount of victi, restitution. People v. Blackburn (1999) 72 CA4th 1520 1534 86 Cr2d 134.

### Restitution Hearing

#### A. Notice to Defendant and to Victim

The defendant must be given notice of the restitution Hearing. See Penal Code Section §1214(b). Notice may be given through the court in order that the defendant can see befor the restitution and fines required to notify the victim of sentencing proceedings. Penal Code Section §§ 679.02(a)(3) 1191.1.

## REIMBURSEMENT FOR RESTITUTION AND FINES

A DEFENDANT MAY BE REQUIRED TO A REIMBURSEMENT AND FINES FOR THE FOLLOWING FINES.

A HEARING MUST BE HELD TO SET THE AMOUNT TO BE REIMBURSEMENT UNLESS THE DEFENDANT HAS AGREES WITH THE AMOUNT DETERMINED BY THE COURTS UNDER THE PENAL CODE SECTION §12031B PEOPLE V. ADAMA (1990) 224 CA3D 705 274 CR 945.

THE COURTS MUST CONSIDER THE FINES ASSESSEMENTS AND RESTITUTION THAT THE DEFENDANT MUST PAY WHILE ON PAROLE WHEN A FIXES AMOUNT OF REIMBURSEMENT UNDER THE PENAL CODE SECTION § 12031B.

DATED ____/____/____;

RESPECTFULLY SUBMITTED

/s/_____
TOMEKO C. MALONE

IN PRO PER :
LEGAL ISSUES ONLY :

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☐ Yes  ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____

    (e) Grounds raised:

    _____

    _____

    _____

    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing:

                *Michael Begonis*

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

    (e) On appeal:  *Susan Caroline*

    (f) In any post-conviction proceeding:

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

CIV 68 (Rev. Dec. 1998)

::ODMA\PCDOCS\WORDPERFECT\22833\1

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   ☐ Yes  ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   ☐ Yes  ☑ No

    (a)  If so, give name and location of court that imposed sentence to be served in the future:

    _____

    (b)  Give date and length of the future sentence: _____

    _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
     ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
                SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____1 - 20 - 07_____        _____
      (DATE)                    SIGNATURE OF PETITIONER

see Exhibit B ) as Probation Report Pg. 3 (Victims Highlighted area)
on July 25, 03 the victim had still not filed a claim see Exhibit
C ) as Court Minute Order (Judgment section – Restitution to victim
an amount to be determined, the court made a illegal
determination of the amount of restitution to be paid and
still failed to hold ability hearing with the defendant, violating
his due process of law, the notice of payment and request
for direct order for restitution form is wrong, this form is
under another name not the defendants (see Exhibit D )
Defendants future income will not be enough to pay restitution
and will remain on disability, which makes him under the
cost of living standards and his inability to pay, the defendant
can prove the burden of demonstrating the inability to pay
and was not given the opportunity, defendant was presently
on disability during his court proceedings and made far below
the cost of living wages and bear the burden and the preponderance
of evidence to show his inability to pay see Exhibit E )as
Disability Statement, Trial court exceeded its jurisdiction
when imposing restitution fine without required ability
Hearing (see Argument and Points and Authorities I ). as
Exhibit (F).

# EXHIBIT COVER PAGE

A

EXHIBIT

Description of this Exhibit:

Court Transcript. Pg. 28

Number of pages to this Exhibit: ___I___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☒ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

28

1  AND HAS BEEN EMPLOYED IN THE PAST.  I WILL STRIKE ALL BUT ONE

2  STRIKE.

3              IN THIS MATTER I WILL SELECT THE MIDTERM OF THREE

4  YEARS DOUBLED FOR THE REMAINING STRIKES, SIX YEARS, PLUS FIVE

5  YEARS ON THE NICKEL PRIOR FOR A TOTAL TERM OF ELEVEN YEARS.

6              MR. MALONE, YOU ARE SENTENCED TO SERVE A TERM OF

7  ELEVEN YEARS IN THE DEPARTMENT OF CORRECTIONS.  YOUR CUSTODY

8  CREDITS ARE THREE ACTUAL, ZERO 4019 CREDITS, TOTALING THREE

9  DAYS CREDIT FOR TIME SERVED.  THE RESTITUTION FINE IS ORDERED

10  IN THE AMOUNT OF $2,200 PER PENAL CODE SECTION 1202.4(B) AND

11  $2,200 TO BE STAYED UPON SUCCESSFUL COMPLETION OF PAROLE.

12              ANYTHING FURTHER IN THIS MATTER?

13       MR. BEGOVICH:  NO, YOUR HONOR.

14       MS. SUMMERS:  NO, YOUR HONOR.

15       MR. BEGOVICH:  MAY I GET THE WHAT I HAD GIVEN YOU BACK

16  TO GIVE HIS WIFE?

17              (UNINTELLIGBLE OUTBURST BY DEFENDANT)

18       THE COURT:  THE NEXT COUNT, THE SECOND COUNT IS SIX

19  YEARS, THE MIDTERM, STAYED PER 654.

20              THANK YOU, COUNSEL.

21                    - - -

22       (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED AT 9:45 A.M.)

23                    - - -

24

25

26

27

28

# EXHIBIT COVER PAGE

<div style="border:1px solid">6</div>

EXHIBIT

Description of this Exhibit:

Probation Report Pg. 3

Number of pages to this Exhibit: _1_ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

MALONE, TOMEKO CARCHEZ                      3                           07/25/2003
SCD-171069

vehicle. At first he thought it was a minor traffic collision. Both cars
remained in their respective lanes. Then suddenly the defendant swerved
and definitely struck the victim's car. It appeared intentional. Both
vehicles sped away and when Oropeza came over the crest of the hill, he saw
both vehicles on the shoulder. He pulled over behind the victim. He could
seen the victim who was in her car hitting the defendant. Oropeza grabbed
a piece of rebar and began to run towards the victim's car. As he did so,
the defendant backed out of the victim's car with a club, looked directly
at Oropeza, and ran to his car and sped away. Oropeza said the club had
been altered to become a stable weapon. The silver claw portion of the
club was taken off and the red/black portion, approximately 15 inches long
was used by the defendant.

Both the victim and witness identified the defendant from a photo line up.

There was no defendant statement in the CHP report.


**VICTIMS:**

---

RESTITUTION: Not Determined

VICTIM NOTIFIED OF P&S HEARING: Yes          INTENDS TO APPEAR: No

---

A victim letter was mailed to Sarah Jacquith on 07-08-2003. A follow-up
phone call was made on 07-10-03 in which Jacquith indicated her car
sustained minor, but noticeable damage to the front right side panel and
bumper. She has not had it repaired and yet people comment to her about
it. There are areas of rust on her car because of the crime. She has not
had an estimate for it to be repaired, but will consider doing so. She did
not seek medical help after the crime.

The defendant almost drove into the victim's car. He almost killed her.
Then he started to tailgate her. In some respects she feels she should not
have reacted by tapping her brakes which seemed to anger him more, but then
he purposely ran into her. He was trying to make her run into the car next
to her. The defendant seemed to have another male in his car with him.
Jacquith thinks the defendant was embarrassed and was trying to show off
for his passenger. She pulled and stopped behind him on the side of the
road because she was trying to confirm the defendant's car license and to
ask police to come so she could exchange insurance and license information
with the defendant. She is very sensitive to the smell of alcohol and
never smelled alcohol on him. In no way does she believe his actions were
chemically induced. The defendant opened her driver's car door in his
attempt to get her cell phone. It appeared at the time he would use the
club and she found the situation traumatic. However in reflection, she
notes he could have, but did not hit her full force.

In some ways Jacquith feels badly for the defendant. She would leave
sentencing up to the judge.

As of 07-09-2003 it does not appear the victim has made a claim to the
Victim Compensation and Government Claims Board.

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit:

Court Minute Order

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

SDS

SCD171069   DA  AAV32001    **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE  07-25-03  AT  09:00  M.   DEPT.  48    CENTRAL ☐   NORTH ☐   EAST ☐   SOUTH ☐
**PROB HEAR-SENTENCING**

PRESENT: HON JUDITH F. HAYES _____   CLERK CD SHUKAMP  048

REPORTER  L. LAROCQUE  CSR# 10984

REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128   Interpreter _____

Language _____

THE PEOPLE OF THE STATE OF CALIFORNIA

MALONE   VS. TOMEKO   C   _____   N —   V. SUMMES
DEPUTY DISTRICT ATTORNEY

Ct1  *PC 245(AA)(1)  Ct2  *PC 245(A)(1)   M. BELOVISH
ATTORNEY FOR DEFENDANT  (PD  APD  PCC  RET)

VIOLATION OF _____

ALLEGATIONS/ENHANCEMENTS _____

PRIORS _____   P.O. _____

☐ DEFENDANT   ☒ PRESENT   ☐ NOT PRESENT   ☐ VIA AUDIO / VISUAL   ☐ NOT PRODUCED

☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS/DENIES A VIOLATION OF PROBATION _____   ☐ WAIVES HEARING.
☐ PROBATION IS: FORMALLY/SUMMARILY/REMAINS ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☐ ST&C ☐ TERMINATED
☐ EXTENDED TO:

☑ WAIVES ARRAIGNMENT. ☐ ARRAIGNED FOR JUDGMENT. ☐ IMPOSITION/EXECUTION OF SENTENCE IS SUSPENDED.
☒ PROBATION IS: ☒ DENIED ☐ GRANTED _____ YEARS (FORMAL/SUMMARY) TO EXPIRE _____
☐ COMMITMENT TO SHERIFF FOR _____ DAYS. STAYED TO: _____ ☐ SUCC. COMPLETION OF PROBATION ☐ PAROLE NOT TO BE GRANTED
☐ PERFORM _____ HRS/DAYS PSP/VOL. WORK AT NON-PROFIT ORG. SUBMIT PROOF TO PROBATION/COURT BY _____
☐ FOURTH AMENDMENT WAIVER ☐ FORMAL PROBATION REVERTS TO SUMMARY PROBATION
☐ FURTHER CONDITIONS ARE SET FORTH IN PROBATION ORDER. ☐ WORK FURLOUGH, REPORT: _____
☐ DEFENDANT IS COMMITTED TO THE CALIFORNIA YOUTH AUTHORITY ☐ PER WI 1737
☒ DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS ☐ PER PC 1170(d).
☒ FOR _____ LOWER/MIDDLE/UPPER TERM OF  6  YEARS/MONTHS/TO LIFE ☐ STIPULATED SENTENCE
   ON COUNT   1   CODE & NO.  PC245(a)(1)  _____ PRINCIPAL COUNT.
☐ CIRCUMSTANCES IN MITIGATION/AGGRAVATION OUTWEIGH THOSE IN MITIGATION/AGGRAVATION.
☐ DEFENDANT SENTENCED PER PC 667(b)-(I)/1170.12.   ☐ NOTICE GIVEN PER PC 12021.
☐ NO VISITATION, PER PC 1202.05. VICTIM IS UNDER 18 YRS. OF AGE. DA TO COMPLY WITH NOTICES.
☐ FINE OF $ _____ PLUS / INCLUDING PENALTY ASSESSMENT.
☒ RESTITUTION FINE OF $ 2200 PER PC 1202.4(b). ☒ FORTHWITH PER PC 2085.5.
☒ RESTITUTION FINE OF $ 2200 PER PC 1202.45 SUSPENDED UNLESS PAROLE IS REVOKED.
☒ RESTITUTION TO VICTIM(S) PER P.O.'S REPORT/REST.FUND PER PC 1202.4(f) OR _____ IN AN AMOUNT TO BE DETERMINED.
☐ AT $ _____ PER MONTH. ☐ COMBINED RATE, TO START 60 DAYS AFTER RELEASE/ON _____ THROUGH REV. AND RECOVERY.
☐ DEFENDANT TO PAY PRE-PLEA INVESTIGATION AND REPORT PREPARATION COSTS. ☐ RESTITUTION JOINTLY AND SEVERALLY LIABLE.
☐ REFERRED TO REVENUE AND RECOVERY. ☐ COURT APOINTED ATTORNEY FEES ORDERED IN THE AMOUNT OF $ _____
☐ DEFT. IS ADVISED REGARDING PAROLE/APPEAL RIGHTS. ☐ REGISTER PER PC290/HS11590/PC186.30/PC457.1 ☐ TESTING PER PC1202.1 HIV-AIDS / PC296.
☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☒ WITHOUT BAIL ☐ WITH BAIL SET AT/REDUCED TO/INCREASED TO $ _____   ☐ PC1275
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND/POSTED $ _____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ ON DEJ ☐ CASE DISMISSED ☐ THIS CASE ONLY.
☐ PRE-TRIAL SERVICES REPORT ORDERED.
☐ DEFENDANT TO REPORT TO PROBATION/REVENUE & RECOVERY WITHIN 72 HOURS AFTER RELEASE FROM CUSTODY.

☐ DEFT'S WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT.
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION. ☐ PER PC 1203.03. ☐ PER WI 707.2.
_____ CONTINUED TO/SET FOR _____ AT _____ M. IN DEPT. _____ ON MOTION OF
COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON: _____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHELD TO _____
☐ BENCH WARRANT ISSUED/ORDERED _____ IS RECALLED/RESCINDED.
☐ BAIL IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ _____ BOND NO. _____
   BOND COMPANY _____ AGENT _____
☐ BAIL FORFEITURE OF _____ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ _____ W/IN 30 DAYS. ☐ FEES WAIVED.

☐ PROCEEDINGS SUSPENDED ☐ PER WI 3051, ADDICTION OR DANGER OF ADDICTION. SERVICE OF PETITION: _____
☐ PER PC 1368. MENTAL COMPETENCY EXAMINATION ON _____ AT _____ PSYCHIATRIC EXAMINING FACILITY.
   HEARING ON _____ AT _____ IN DEPARTMENT _____ OF THE CENTRAL COURTHOUSE.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

☐ SUPPLEMENTAL REPORT ORDERED. ☒ REPORT TO REGISTRAR OF VOTERS. ☐ DMV ABSTRACT. B.A.C. _____
☐ PROBATION TO SUBMIT POST-SENTENCE REPORT DIRECTLY TO THE DEPARTMENT OF CORRECTIONS PER PC 1203c.
☐ CUSTODY TO RUN CONCURRENT WITH/CONSECUTIVE TO: _____
☐ SEE ATTACHMENT FOR ADDITIONAL COUNTS/ALLEGATIONS/PRIORS.

THE DEFENDANT'S MOTION TO STRIKE STRIKES IS GRANTED _____.

2 STRIKES ARE STRIKEN. ONE STRIKE REMAINS.

2 PC245(a)(1) MIDTERM 6 YEARS STAYED PER PC654
DM PER PC667(a)(1) 5 YEARS.
TOTAL TERM: 11 YEARS

CREDIT FOR TIME SERVED

3  DAYS LOCAL

_____ DAYS STATE INST.

0  DAYS PC 4019/2255.1

3  TOTAL DAYS CREDIT

Justus F. Hayes
JUDITH F. HAYES
JUDGE OF THE SUPERIOR COURT

CR-2B(Rev. 11-02)   **CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT**

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Notice of Payment

Number of pages to this Exhibit: __2__ pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [x] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

red for
h
l
l forms
1997)

0024

STATE BOARD REPRESENTATIVE, ATTORNEY OR PARTY/PERSON WITHOUT
ATTORNEY *(Name, state bar number, and address):*
☐ Recording requested by and return to:

Name:
Address:
Unit No.:
City/State:
Zip Code:

TELEPHONE NO:      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
☐ STATE BOARD REPRESENTATIVE ☐ ATTORNEY ☐ OTHER

Name of court, branch court, if any, and street address:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ County Courthouse, 220 W. Broadway, San Diego, CA 92101-3409
☐ East County Division, 250 E. Main St., El Cajon, CA 92020-3941
☐ Juvenile Division, 2851 Meadowlark Dr., San Diego, CA 92123
☐ North County Division, 325 S. Melrose Dr., Vista, CA 92083-6695
☐ South County Division, 500 3rd Ave., Chula Vista, CA 91910-5649

*FOR RECORDER'S USE ONLY*

CASE NUMBER: SCD171070

CASE NAME: People v. Emmanuel Lacones Ocular

**NOTICE OF PAYMENTS MADE BY CALIFORNIA VICTIM COMPENSATION
BOARD AND REQUEST FOR DIRECT ORDER FOR RESTITUTION**
[Pen. Code, §§ 1202.4(4)(A), 1214; Welf. & Inst. Code, § 730.6(h) & (i); Gov.
Code, Article 1 (commencing section 13959) ch. 5, Pt. 4, Div. 3, Tit. 2]

*FOR COURT USE ONLY*

**F I ᴸ E D**
Clerk of the Superior Court

APR 1 0 2003

By: F. PALSSON, Deputy

1. a.☒ On *(date):* 3-6-2003      defendant *(name):* Emmanuel Lacones Ocular
   was charged and or convicted of a crime that entitles a victim to restitution.
   b.☐ On *(date):*          child *(name):*
   had a petition filed and or was adjudged a ward of the court on the ground
   that he or she is a person described in Welfare and Institutions Code section
   602, that entitles a victim to restitution.  ☐ Wardship is terminated

2. On *(date):* 1-21-2003 the California Victim Compensation and Government Claims Board (State Board) received a claim
   and/or made payment(s)  for which it is or will be entitled to recovery and entitled to a direct order for restitution from the
   above named defendant(s) or minor(s) specified as follows:
   a.☒ on behalf of the victim *[name or claim number(s)]:* See addendum      in the amount of: $ 3,631.81
   b.☒ plus interest at 10% per year from the date of ☐ payment(s) made      or ☒ sentencing 5-23-2003
   c.☐ plus attorney fees and collection costs in the sum of $
   d.☒ the State Board requests deductions by California Department of Corrections from prisoner wages and trust accounts
   pursuant to Pen. Code § 2085.5(b).
   e.☐ this Notice by the State Board supercedes all previous such Notices including the Notice  filed on

3. The amount of restitution includes claims and/or payments for:
   a.☒ Medical expenses
   b.☐ Mental health expenses
   c.☒ Income/Support loss
   d.☐ Rehabilitation
   e.☐ Emergency relocation
   f.☐ Funeral/Burial
   g.☐ other *(specify):*

4. The State of California shall be subrogated to the rights of victims to whom cash payments are granted to the extent of the
   payments granted.  The state shall also be entitled to a lien on the judgment, award, or settlement in the amount of the cash
   payments on any recovery made by or on behalf of said victims.  Gov. Code § 13966.01(a) & (b).

Date: 4-10-2003

SIGNATURE OF STATE BOARD REPRESENTATIVE OR ATTORNEY
Michele M. Lingenfelder

**NOTE: THE ABOVE AMOUNTS REFLECT BENEFITS THAT THE CALIFORNIA STATE VICTIM COMPENSATION BOARD
HAS OR WILL PAY ON BEHALF OF THE ABOVE NAMED VICTIM(S).  THESE AMOUNTS MAY NOT REFLECT THE FULL
AMOUNT OF LOSSES SUSTAINED BY THE VICTIM(S), PAID BY THE STATE BOARD OR THAT SHOULD BE INCLUDED IN
DIRECT ORDERS FOR RESTITUTION PAYABLE TO THE CALIFORNIA STATE VICTIM COMPENSATION BOARD.**

NOTICE OF PAYMENTS MADE BY
CALIFORNIA STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR RESTITUTION
SCDCA/RE  NOVEMBER 1, 2002

NOTICE OF PAYMENTS MADE BY
STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR
RESTITUTION

Penal Code, §§ 1202.4(4)(A), 1214;
Welfare and Institutions Code, §730.6(h)&(i)
Gov. Code, Article 1 (commencing section 13959)
ch. 5, Pt. 4, Div. 3, Tit. 2]

Page 1

0025

## ADDENDUM TO NOTICE OF PAYMENTS MADE BY STATE VICTIM COMPENSATION BOARD

| | FOR COURT USE ONLY |
|---|---|
| CASE NAME: People v. Emmanuel Lacones Ocular | |
| **ADDENDUM TO NOTICE OF PAYMENTS MADE BY STATE VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD AND REQUEST FOR DIRECT ORDER FOR RESTITUTION** | CASE NUMBER: SCD171070 |

*[Continued from Page One]*

1. ☐

2. ☒   Pursuant to Penal Code §§ 1202.4(f)(2), (3)(B) & (4)(A): $ 1,302.48 to reimburse costs of medical expenses paid by the State Board for claim number 752174 (Jason Cleveland). Pursuant to Penal Code §§ 1202.4(f)(2), (3)(D) & (4)(A) and Gov. Code §§ 13965 (a) (2) & 13965.1(a)(1)(A)(B):  $ 782.18 paid by the State Board for claim number 752174 (Jason Cleveland) for loss of wages; $1,547.15 paid by the State Board for claim number 752269 (Maria Castrillo) for loss of wages.

3. ☐

4. ☐

Date: 4/10/03

_Michele M. Urgenson_
SIGNATURE OF STATE BOARD REPRESENTATIVE OR ATTORNEY

NOTICE OF PAYMENTS MADE BY
CALIFORNIA STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR RESTITUTION
SDCDA/RE NOVEMBER 1, 2002

**NOTICE OF PAYMENTS MADE BY
STATE VICTIM COMPENSATION BOARD
AND REQUEST FOR DIRECT ORDER FOR
RESTITUTION**

Penal Code, §§ 1202.4(4)(A), 1214;
Welfare and Institutions Code, §730.6(h)&(i)
Gov. Code, Article 1 (commencing section 13959)
ch. 5, Pt. 4, Div. 3, Tit. 2]

Page 2

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Social Security Disability statement

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

# Social Security Administration

Date:  May 5, 2004
Claim Number:  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A
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DI

005646

TOMEKO C MALONE
1913 WEST DR APT 2
VISTA CA 92083-6141

You asked us for information from your record.  The information that you requested is shown below.  If you want anyone else to have this information, you may send them this letter.

## Information About Current Social Security Benefits

Beginning September 2003, the full monthly Social Security benefit before any deductions is $ 0.00.

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $ 0.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month.  (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

Benefits were suspended beginning September 2003.

## Date of Birth Information

The date of birth shown on our records is October 1, 1965.

## Other Important Information

MR. MALONE WAS FOUND TO BE DISABLED UNDER SOCIAL SECURITY RULESON APRIL 2002. DISABILITY PAYMENTS WERE PAID UNTIL OCTOBER 2003AND STOPPED DUE TO INCARCERATION.

## Type of Social Security Benefit Information

You are entitled to monthly disability benefits.

See Next Page

# EXHIBIT COVER PAGE F

EXHIBIT

Description of this Exhibit:

Argument and Points and Authorities

Number of pages to this Exhibit: __1__ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

ed for
h
: forms
1997)

Tomeko C. Maolone V#63284
M.C.S.P. A# Gym 125 P.O. Box - 409020
Ione Ca 95640 - 409020

In the Superior Court Of The State Of

California and For The County Of San Diego

People Of The State Of California )
      Plaintiff, )
     ) **Motion For Restituion And Fines**
v. )
     )**Case No# SCD171069**
Tomeko C. Malone )
      Defendant )
_____ )

## WHEN VICTIM RESTITUTION MAY NOT BE ORDRED

A defendant may not be required to pay restitution to victims. **People v. Scroggins (1987) 17 191 CA 3d 502 236 Cr 569.**

The trial court may not direct a defendant to make restitution to the victim. Richards (1976) 17 C3d 614 131 CR 537 542, overruled on a different but related ground in People v. Carbajal (1995) 10 C 4th 1114 43 CR2d 681.

>Note: Interst of Ten Percent Per Year accrues on Restitution Orders. Penal Code Section §1202.4(f)(3)(F).

Prison Wages; Payment of Restitution as Condition of Parole

Victims Restitution that the victim has Filed An Application with the Victim of Crimes Program. Penal Code Section §2085.5(b). See Govt §§13959 - 13969.4.

Income Deduction

THE TRIAL COURT MUST ENTER AN ORDER FOR INCOME DEDUCTION ( SOMETIMES CALLED WAGES GARNISHMENT ) ONCE RESTITUTION HAS BEEN DETERMINED. GOVT C. 13967.2 SPECIFIES THE PROCEEDURES FOR AND CONTENTS OF THE ORDRES.

> NOTE: ON VICTIM'S REQUEST, THE COURT MUST PROVIDE THE VICTIM WITH A CERTIFIED COPY OF THE RESTITUTION ORDER. PENAL CODE SECTION § 1214(B).

RELATION BETWEEN VICTIN RESTITUTION AND OTHER FINES AND ASSESSEMENTS

THERE IS NO PENALTY ASSESMENTS ON VICTIM RESTITUTION. PEOPLE V. MARTINEZ (1999) 73 CA4TH 265 268 86 CR2D 346.

A RESTITUTION FINE IS NOT REDUCED BY THE AMOUNT OF VICTI, RESTITUTION. PEOPLE V. BLACKBURN (1999) 72 CA4TH 1520 1534 86 CR2D 134.

## RESTITUTION HEARING

### A. NOTICE TO DEFENDANT AND TO VICTIM

THE DEFENDANT MUST BE GIVEN NOTICE OF THE RESTITUTION HEARING. SEE PENAL CODE SECTION §1214(B). NOTICE MAY BE GIVEN THROUGH THE COURT IN ORDER THAT THE DEFENDANT CAN SEE BEFOR THE RESTITUTION AND FINES REQUIRED TO NOTIFY THE VICTIM OF SENTENCING PROCEEDINGS. PENAL CODE SECTION §§ 679.02(A)(3) 1191.1.

## REIMBURSEMENT FOR RESTITUTION AND FINES

A DEFENDANT MAY BE REQUIRED TO A REIMBURSEMENT AND FINES FOR THE FOLLOWING FINES.

A HEARING MUST BE HELD TO SET THE AMOUNT TO BE REIMBURSEMENT UNLESS THE DEFENDANT HAS AGREES WITH THE AMOUNT DETERMINED BY THE COURTS UNDER THE PENAL CODE SECTION §12031B PEOPLE V. ADAMA (1990) 224 CA3D 705 274 CR 945.

THE COURTS MUST CONSIDER THE FINES ASSESSEMENTS AND RESTITUTION THAT THE DEFENDANT MUST PAY WHILE ON PAROLE WHEN A FIXES AMOUNT OF REIMBURSEMENT UNDER THE PENAL CODE SECTION § 12031B.

DATED ____/____/____;

RESPECTFULLY SUBMITTED

/S/_____
TOMEKO C. MALONE

IN PRO PER :
LEGAL ISSUES ONLY :

REPORT ID: TS3030

PAGE NO:      1

CALIFORNIA DEPARTMENT OF CORRECTIONS
MULE CREEK STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 01, 2007 THRU DEC. 31, 2007

ACCOUNT NUMBER : V63284                    BED/CELL NUMBER: A GY00000000125L
ACCOUNT NAME   : MALONE, TOMERO CARCHEZ        ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 08/01/2007 | | BEGINNING BALANCE | | | | | 0.00 |
| 08/20 | *DD34 | EFT DEPOSIT @ WU | 0643 | | 67.50 | | 67.50 |
| 08/20 | FC01 | DRAW-FAC | 3/AYD | 0456 | | 25.00 | 42.50 |
| 08/21 | W536 | COPAY CHARGE | COPAY | 0666 | | 5.00 | 37.50 |
| 08/29 | *W215 | FEDERAL FILIN | FFF | 769 | | 13.50 | 24.00 |
| 08/29 | *W215 | FEDERAL FILIN | FFF | 769 | | 13.50 | 10.50 |
| 09/05 | D201 | FAMILY VISIT | PV | 0810 | 89.10 | | 99.60 |
| 09/07 | W592 | POSTAGE CHARG | 0930 | 0869 | | 9.66 | 89.94 |
| 09/13 | W415 | CASH WITHDRAW | FVCARD | AFS | | 89.60 | 0.34 |
| 10/11 | W516 | LEGAL COPY CH | 1010 | 1323 | | 0.00 | 0.34 |
| 11/19 | W516 | LEGAL COPY CH | 1018 | 1891 | | 0.34 | 0.00 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|-------------|-----------|-------------|---------|-------------|
| 09/27/2007 | H110 | COPIES HOLD | 0426 4484 | 57.40 |
| 11/06/2007 | H114 | COPAY FEE, MED. | COPAY 1677 | 5.00 |
| 11/06/2007 | H114 | COPAY FEE, MED. | COPAY 1677 | 5.00 |
| 11/06/2007 | H114 | COPAY FEE, MED. | COPAY | 5.00 |
| 11/13/2007 | H114 | COPAY FEE, MED. | COPAY 1791 | 5.00 |
| 11/28/2007 | H118 | LEGAL COPIES HOLD | 1127 1982 | 43.60 |
| 11/28/2007 | H118 | LEGAL COPIES HOLD | 1127 1982 | 43.60 |

RESTITUTION ACCOUNT ACTIVITY

DAT SENTENCED: 07/25/03                     CASE NUMBER: SCD171069
COU TY CODE: SD                             FINE AMOUNT :   2,000.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT | BALANCE |
|------|--------|-------------|------------|---------|
| 08/01/2007 | | BEGINNING BALANCE | | 2,076.50 |

MULE CREEK STATE PRISON
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 01, 2007 THRU DEC. 03, 2007

ACCT: V63284        ACCT NAME: MALONE, TOMERO CARCHEZ        ACCT TYPE: I

* RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 07/25/03                        CASE NUMBER: SCD171069
COUNTY CODE: SD                                 FINE AMOUNT: $  2,200.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|--------|-------------|-------------|---------|
| 08/20/07 | DR34 | REST DED EFT DEPOSIT | 75.00 | 2,001.50 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 0.00 | 155.60 | 155.60 | 0.00 | 94.70 | 0.00 |

CURRENT
AVAILABLE
BALANCE

94.70

TS210B                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                          TRUST ACCOUNT DISPLAY

-------------    ACCOUNT INFORMATION    ------------- ------ SPECIAL ITEMS -------

ACCOUNT NUMBER:  V63284
   ACCOUNT NAME: MALONE, TOMERO CARCHEZ
   ACCOUNT TYPE: I
CURRENT BALANCE:          0.00
   HOLD BALANCE:         94.70
ENCUM. BALANCE:           0.00                    ABNORMAL BALANCE
     AVAILABLE:          94.70
PRIVILEGE GROUP: A
   LAST CANTEEN: 08/20/2007
------------------------- RESTITUTION FINES --------------------- RS403A

| CASE NUMBER | DATE SENTENCED | COUNTY CODE | FINE AMOUNT | BALANCE | STATUS |
|-------------|----------------|-------------|-------------|---------|--------|
| SCD171069   | 07/25/2003     | SD          | 2,200.00    | 2,001.50| C      |
| SCN160814   | 01/10/2005     | SD          | 200.00      | 200.00  |        |

TO VIEW REST. XACTS, PLACE AN 'X' NEXT TO CASE #, AND PRESS F1

REST    ACCOUNT                      DISPLAY   SELECT     PRINT     ITAS
XACTS   DISPLAY                      HOLDS     NEW ACCT   SCREEN    MENU

ABSTRACT OF JUDGMENT

ON RESTITUTION AND FINES ORDERS

NAME OF THE STATE OF CALIFORNIA vs.
DEFENDANT: TOMEKO C MALONE

0042

| SCD171069 -A | | -B | | -C | |
|---|---|---|---|---|---|

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
a. RESTITUTION FINE of: $2200 per PC 1202.4(b) forthwith per PC 2085.5.
b. RESTITUTION FINE of: $2200 per PC 1202.45 suspended unless parole is revoked.
c. RESTITUTION of: $_____ per PC 1202.4(f) to   ☒ victim(s)*   ☐ Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 11, below.)
   (1) ☒ Amount to be determined.
   (2) ☐ Interest rate of: __% (not to exceed 10% per PC 1202.4(f)(3)(F)).
d. ☐ LAB FEE of: $___ for counts: _____ per H&SC 11372.5(a).
e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
f. ☐ FINE of $___ per PC 1202.5.

TESTING
a. ☐ AIDS pursuant to   ☐ PC 1202.1   ☐ other (specify):
b. ☐ DNA pursuant to   ☐ PC 290.2   ☐ other (specify):

Other orders (specify):

Execution of sentence imposed:

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.

d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
e. ☐ other (specify):

CREDIT FOR TIME SERVED

| CASE NUMBER | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| SCD171069 -A | 3 | 3 | 0 | ☐ 40 ☐ 29 |
| -B | | | | ☐ 40 ☐ 29 |
| -C | | | | ☐ 40 ☐ 29 |
| -D | | | | ☐ 40 ☐ 29 |

| DATE SENTENCE PRONOUNCED: 07-25-03 | SERVED TIME IN STATE INSTITUTION: ☐ DMH   ☐ CDC   ☐ CRC |
|---|---|

The defendant is remanded to the custody of the sheriff.   ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections.
   ☐ other (specify): _____

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE   C SHURLAND | DATE   08-04-03 |
|---|---|

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE

940 (Rev. January 1, 1999)

# EXHIBIT COVER PAGE  A

EXHIBIT

Description of this Exhibit:

Argument and Points and Authorities.

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

red for
h
l
l forms
1997)

1   In light of low prison wage rates (see California Code of Regulations,

2   Title 15, section 3040(a); California Department of Corrections, Operations

3   Manual, section 51120.1), it is apparent the possibility petitioner might obtain

4   a work assignment while imprisoned does not alone support the ability to pay a

5   restitution fine (see People v. Walker, 1 Cal.Rptr.2d 902 (1991)).   Therefore,

6   in petitioner's case, the sentencing judge's reasoning for a $5,000 restitution

7   fine is in contradiction to state law.   See also, California Gov't Code, section

8   13967 and People v. Masbruch, 41 Cal.Rptr.2d 381.

9   For the sentencing judge to impose a restitution fine based solely on

10  what petitioner would earn from prison wages during his incarceration violates

11  petitioner's rights under the Constitution of and for California and the United

12  States of America.

13

14                                III

15      APPOINTED DEFENSE COUNSEL FAILED TO
        PROVIDE PETITIONER WITH ADEQUATE
16      REPRESENTATION BY NOT OBJECTING TO
        IMPOSITION OF ILLEGAL RESTITUTION
17              FINE DURING SENTENCING



18  It is unknown to petitioner as to why appointed defense counsel did not

19  at the time of sentencing object to the illegally imposed restitution fine and

20  appointed defense counsel refuses to coöperate with petitioner when petitioner

21  has made inquiries with appointed defense counsel as to this matter.   Clearly,

22  appointed defense counsel had a duty during sentencing to object to an illegal

23  restitution fine, however, failed to do so.

24  For appointed defense counsel not to object to the illegally imposed

25  restitution fine as a part of petitioner's sentence is a violation of petition-

26  er's rights under the Constitutions of and for California and the United States

27  of America.

28  ///

# EXHIBIT COVER PAGE

A

EXHIBIT

Description of this Exhibit:

Argument and Points and Authorities

Number of pages to this Exhibit: ___1___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

IV

APPOINTED APPELLATE COUNSEL FAILED TO
PROVIDE PETITIONER ADEQUATE REPRESENTATION
BY NOT RAISING THE ILLEGALLY IMPOSED
RESTITUTION FINE ON DIRECT APPEAL



During direct appeal, appointed appellate counsel failed to raise the issue of the illegally imposed restitution fine. Petitioner was therefore deprived of adequate representation on the appellate level.

When petitioner had made inquiries to appointed counsel as to why he had not raised the restitution issue, counsel claimed that he could not "recall the issue." When an attorney is confronted with a duty which he is required to do but did not, not being able to recall the issue is a commonly used excuse in which an attorney knows that he failed to adequately represent an individual as required and rather than admitting any wrong doing, he escapes responsibility of inadequate representation knowing that if he lies about the inadequate representation and if proof should arise which confirms that he did fail in his duty to adequately represent, he may find himself as the subject of a law suit. However, if he is unable to recall, and proof arises which demonstrates inadequate representation, he cannot be held responsible for lying about the matter because one cannot be held responsible for memory loss.

Because one cannot recall does not prevent him from reviewing his records and determining as to why he did not raise a particular issue. Appellate counsel in this particular case chose not to review his records and in not doing so wilfully chose not to resolve the question as to why he did not raise the issue on direct appeal.

For appointed appellate counsel not to have raised an issue in which the sentencing court has exceeded its jurisdiction constitutes a violation of petitioner's rights under the Constitutions of and for California and the United States of America.

1  that is not authorized by law whenever the error comes to the attention of the

2  court. See in re Hoddinott, 50 Cal.Rptr.2d 706, 708 fn. 2 (1996). This parti-

3  cular ruling was made by the Third District Appellate Court who has now ignored

4  their own practice of review in such matters.

5      In refusing to address and resolve petitioner's petition, the appellate

6  court has violated petitioner's rights to due process under the Constitutions

7  of and for California and the United States of America.

8

9                                VI

10             IN AN ISSUE INVOLVING A COURT
               EXCEEDING JURISDICTION, PETITIONER
11             NEED NOT PROVIDE AN EXPLANATION OF
            SUBSTANTIAL DELAY IN ADDRESSING THE MATTER
12

13     The rule requiring a petitioner to justify any substantial delay in

14  raising a claim is inappropriate to a claim such as a sentencing error amounting

15  to an excess of jurisdiction. See In re Hoddinott, supra.

16     For the lower courts to deny petitioner's petition based on substantial

17  delay is a violation of petitioner's due process rights under the Constitutions

18  of and for California and the United States of America.

19

20                               VII

21                  THE ISSUE OF RESTITUTION
                     IS NOT A MOOT SUBJECT
22

23     The subject of restitution in this matter is not considered moot due to

24  the fact that appellant is still incarcerated within the department of correc-

25  tions regarding the sentence which the excessive restitution fine was imposed.

26  ///

27  ///

28  ///

## VERIFICATION

I Mr. Tomeko Malone state:

I am the petitioner in this action, I have read the foregoing petition for writ of habeas corpus and the facts stated therein are true of my own knowledge, except as to matter that are therein stated on my own information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Mule creek State Prison.

Date: 6-1-07

PETITIONER

3.   Vacate the judgment of

4.   Grant Telephonic Hearing to inform petitioner

## PRAYER FOR RELIEF

VACATE THE JUDGMENT

Petitioner is without remedy save by writ of Habeas Corpus

WHEREFORE, petitioner prays the court

1. Issue a Writ of Habeas Corpus

2. Declare the rights of the parties

3. Vacate the judgment of Restitution Fines / Delete / remove / eliminate

4. Grant Telephonic Hearing to inform petitioner

5. Grant any other and further relief the Court deems proper.

6. Reimburse petitioner all monies taken from restitution.

Date: 6-1-07

Respectfully Submitted,

James Mcglum

# DECLARATION OF SERVICE BY MAIL

CASE NAME:_____    CASE NO:_____

I, _____Tomcho Malone_____, am a resident of the state of California Mule Creek State Prison ( M. C. S. P ) at Ione, County of Amador, California, and am at least 18 years of age, and am party to the within action. My mailing address is P.O. Box 409000, Ione, California 95640-9000.

On ____1 - 20 - 08_____, I served a true and correct copy of the following document(s);
_____Habeas Corpus Petition  ( Restitution )_____
_____
_____
_____

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 956490900. Each party to the action has been duly served.

This copy is being mailed to:    U-S District Court
_____    880. Front St. Ste. 4290
_____    San Diego, Ca. 92101-8900

I have mailed additional copies to:
_____
_____
_____

There is regular service by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this date:____1 - 20____, 20 08, at Ione, California.

Signed:_____, CDC No:___V6 3 104_____

## M. C. S. P MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE:_____ SIGNED:_____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**
JAN 2 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254    1983
FILING FEE PAID    Yes    No
IFP MOTION FILED    Yes    No
COPIES SENT TO
Court    Pris.

## I (a) PLAINTIFFS

**Tomeko Malone**                          **Roseanne Campbell**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Amador
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Tomeko Malone
PO Box 409020
Ione, CA 95640
V-63284

**ATTORNEYS (IF KNOWN)**

'08 CV 0159 IEG CAB

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only))

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE _____    Docket Number _____

DATE    1/25/2008                          SIGNATURE OF ATTORNEY OF RECORD
                                           R. Malloy